United States District Court
Southern District of Texas
ENTERED
November 04, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETR ZINCHENKO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8075 |
| | § | |
| WARDEN, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petr Zinchenko ("Petitioner"), a citizen of Russia, presented himself at the Brownsville, Texas, port of entry on February 5, 2023.[1] That same day Petitioner was denied admission to the United States, served with a Notice to Appear charging him with inadmissibility pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, and released on parole.[2] On March 26, 2025, an immigration granted Petitioner's application for asylum.[3] The Department of Homeland Security appealed the decision of the immigration judge.[4] The appeal remains pending.[5] On September 7, 2026, Petitioner was taken into immigration custody, where he remains.[6]

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 27; Motion to Stay and in the Alternative, Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 5 ¶¶ 28, 31-32; Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 7-1, pp. 1, 4.

[3]Habeas Petition, Docket Entry No. 1, p. 6 ¶¶ 35-36.

[4]Id. ¶ 39.

[5]Id. ¶ 41.

[6]Id. ¶ 43.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[7] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[8] Petitioner has filed a response.[9]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 4th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[7]Id. at pp. 9-12 ¶¶ 74-107.

[8]Respondents' MSJ, Docket Entry No. 7, pp. 1-2.

[9]Petitioner's Response in Opposition to Respondents' Motion to Stay and in the Alternative, Motion for Summary Judgment, Docket Entry No. 8.